

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

June 16, 1952

Hon. Larry O. Cox
Executive Director
Board for Texas State
  Hospitals and Special Schools
Austin, Texas          Opinion No. V-1462

Re:  Necessity for advance ap-
proval by the Board of
Control on monthly con-
struction estimates and
change orders on hospital
Dear Sir:          construction projects.

        You have requested an opinion on the fol-
lowing questions:

        "Does the law require the approval of
the Board of Control on our monthly construc-
tion estimates?

        "Does the law require the approval of
the Board of Control on our change orders
in plans and specifications after a contract
has been entered into?

        "If our Board follows the customary
practice of the Board of Control and adver-
tises for bids in newspapers in the local
vicinity of the construction project as
well as advertising in construction trade
journals and publications, and bids are
publicly opened at a designated time and
place, and the low bid is accepted by our
Board, does the Board of Control have the
legal authority to disapprove our action,
or:

        "Is the Board of Control's right of
review and approval only that of assuring
that legal and businesslike methods are
followed in advertising and accepting bids
for construction?"

Hon. Larry O. Cox, page 2   (V-1462)

Prior to the creation of the Board for Texas State Hospitals and Special Schools, the Board of Control had authority to execute and supervise construction contracts for the various institutions now under the management and control of the Hospital Board.  Arts. 679-687, V.C.S.  On September 1, 1949, these powers were transferred to the Board for Texas State Hospitals and Special Schools.  H.B. 1, Acts 51st Leg., R.S. 1949, ch. 316, p. 588 (Art. 3174b, V.C.S.); Att'y Gen. Op. V-905 (1949).  In 1950 the Legislature amended the 1949 act to make such construction subject to the review and approval of the Board of Control, where the construction costs are paid out of funds credited to the State Hospitals and Special Schools Building Fund.  H.B. 2, Acts 51st Leg., 1st C.S. 1950, ch. 1, p. 1 (Sec. 3, Art. 7047c-1, V.C.S.).  Section 3 of Article 7047c-1, V.C.S., provides in part:

"All the funds credited to the State Hospitals and Special Schools Building Fund under this Act are hereby appropriated to the Board for Texas State Hospitals and Special Schools for the purpose of constructing, repairing and equipping such buildings as in the opinion of the Board are necessary to the proper care of those committed or to be committed to such hospitals and special schools according to law.  Provided however, the fees paid to an architect shall not exceed six per cent (6%) for the plans, specifications and supervisions of said buildings and all contracts made for and the final acceptance in connection with such construction other than the plans and specifications, shall be subject to the review and approval of the Board of Control."  (Emphasis added.)

It is noted that the above quoted provision makes not only the contract but also the final acceptance of the construction work itself subject to "the review and approval of the Board of Control."  However, plans and specifications are specifically excepted from its provision.  Att'y Gen. Op. V-1172 (1951).

In view of the foregoing, we answer your specific questions as follows:

1.  Since the final acceptance of the construction work is subject to the approval of the Board

of Control, it has the power to inspect the work as it progresses. Generally, construction contracts call for monthly payments to the contractor based on the amount of work completed. Therefore, the contractor's monthly construction estimate is subject to the approval of the Board of Control.

2. Changes in plans and specifications are <u>not</u> subject to the approval of the Board of Control. Of course it is understood that material changes in the plans and specifications after a contract has been entered into are not authorized; only minor changes, contemplated by the advertisement, bid, and contract, may be made.

3. Although the contract is subject to the approval of the Board of Control, a legal basis must exist before it may disapprove the action of the Hospital Board in awarding the contract. For example, if the Board of Control has knowledge of facts which show that the person who has been awarded a contract is not a responsible bidder, then it has the power to refuse to approve the contract.

4. Both the contract and construction work are subject to the review and approval of the Board of Control.

## SUMMARY

All contracts for the construction of buildings for the various institutions under the management and control of the Board for Texas State Hospitals and Special Schools, and the construction work itself, are subject to review and approval of the State Board of Control. Art. 7047c-1, V.C.S. Plans and specifications for such construction are not subject to review and approval of the State Board of Control. Att'y Gen. Op. V-1172 (1951).

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

PRICE DANIEL
Attorney General

By John Reeves
John Reeves
Assistant

JR:mh